## Shepherd Appeal

*Malcolm W. Berkowitz*, for appellant.

*Kenneth Trommer*, for Commonwealth.

FLOOD, J., May 20, 1959.—This is an appeal from an order suspending appellant's motor vehicle privileges for a period of six months for an alleged violation of section 620 (f) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §231 (f), which prohibits the operation of a motor vehicle while under the influence of intoxicating liquor.

### Findings of Fact

1. On the evening of March 12, 1959, appellant inadvertently left his motor vehicle registration card and operator's license at his home, 412 South 45th Street, Philadelphia, when he changed clothes and drove to visit a friend in Upper Darby.

2. Between 7:30 p.m. and 8:15 p.m., appellant consumed five or six glasses of beer in Upper Darby.

3. At about 9 p.m., appellant entered his automobile,

which was parked on Main Street, Upper Darby, and drove towards his home by way of the Cobbs Creek Parkway.

4. Appellant inadvertently failed to turn on the lights of his vehicle because both Main Street and Cobbs Creek Parkway were brightly illuminated by modern lights.

5. At about 9:15 p.m., Park Guard William Robinson stopped appellant for driving without lights after following him one-quarter of a mile.

6. While Robinson noticed a moderate odor of alcohol on appellant's breath, his driving, appearance and demeanor appeared to Robinson to be normal. Robinson concluded that appellant's drinking had not affected his driving and that he was not under the influence of intoxicating liquor when arrested.

7. Robinson took appellant to the guardhouse for investigation because he did not have his operator's license and registration card in his possession.

8. After his arrest and while at the guardhouse appellant began to feel the effect of the alcoholic beverages which he had consumed. After lying down in the guardhouse awaiting a physician, he felt "knocked out" when roused from his sleep.

9. At about 10:35 p.m., an hour and 20 minutes after appellant's arrest, Doctor Squillace found that appellant's speech was slurred, his appearance was disheveled, he staggered slightly and had a positive Romberg. In the opinion of the physician appellant was then intoxicated and unfit to operate a motor vehicle.

10. Appellant has operated a motor vehicle for more than 20 years and was never previously arrested for drunken driving or any other crime. Normally, he is employed as an outside salesman covering an area extending 50 miles from Philadelphia. As a result of the suspension of his operator's license, he has been laid off temporarily.

## Discussion

The park guard who arrested appellant in this case said that while there was a moderate odor of alcohol, there were no other signs of intoxication and he did not think appellant was under the influence. He arrested him at the time because he was operating without his operator's license in his possession and without lights. Defendant testified that he had started from a brightly lighted area and thus neglected to put on his lights and forgot to change his license when he changed his clothes that evening. There is no dispute that he was a properly licensed operator and there also seems to be no evidence of improper driving except for the lack of lights. The doctor testified that when he examined appellant about an hour and 20 minutes later he was under the influence of intoxicating liquor and exhibited several signs of such influence.

In our opinion the evidence is insufficient to support a suspension. The evidence of the doctor that appellant was intoxicated one hour and 20 minutes later is not sufficient of itself to make such a finding since we have never heard any doctor testify that intoxication at one time necessarily means intoxication at a time substantially earlier. In view of the testimony by the park guard and appellant himself that he was not under the influence at the time of the arrest, which we accept as true, we feel that the evidence of intoxication is insufficient. The circumstances that appellant was driving without lights and without his license would tend to support the charge, but in view of the explanation given we remain of the opinion that the case against him has not been sufficiently made out and that the order of the Secretary suspending his license should be reversed.

The revocation of appellant's license was based solely upon the ground that he was driving under the influence of liquor. The evidence does not sustain this,

and we cannot speculate as to what action the Secretary might have taken because of the other less serious violations of which he was guilty.

### Conclusion of Law

The evidence fails to support a finding that appellant operated a motor vehicle while under the influence of intoxicating liquor.

### Order

And now, May 20, 1959, the appeal is sustained and the order suspending appellant's motor vehicle privileges, effective February 18, 1959, is set aside.